## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| STEVEN H. JORDAN, et al. | § | |
| | § | |
| v. | § | Case No. 2:15-CV-01271-JRG-RSP |
| | § | |
| RONALD G. DICKSON, et al. | § | |

## MEMORANDUM ORDER

Before the Court is the Motion to Transfer Venue (Dkt. No. 6) filed on August 17, 2015

by Defendants Ronald Dickson and Dickson Trucking.  This action arises out of a motor vehicle

accident in Mt. Pleasant, Texas, which is located in Titus County.  Defendants are the driver of

an 18-wheeler involved in the accident and the small company he owns, both being domiciled in

Oklahoma.  Plaintiffs are the survivors of Joe Bradford, the driver of the other vehicle, who died

as a result of his injuries.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought."  28 U.S.C. § 1404(a) (2006).  The first inquiry when

analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which

transfer is sought would have been a district in which the claim could have been filed."  *In re*

*Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the

convenience of parties and witnesses as well as the interests of particular venues in hearing the

case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963).  The

private factors are: 1) the relative ease of access to sources of proof; 2) the availability of

compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing

witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15

## DISCUSSION

### A.      Proper Venue for the Case

There is no dispute that venue is proper in the Eastern District of Texas. Because the applicable venue statute does not distinguish between the divisions of a judicial district, venue properly lies in any division of the Eastern District of Texas.

### B.      Private Interest Factors

#### 1.      Relative Ease of Access to Sources of Proof

This case is not likely to involve extensive documents, but most of the Defendants' documents will be in Oklahoma, not in Texarkana or Marshall. Defendant has offered no evidence, or even argument, about where in Oklahoma the Defendants are located and whether it is materially more convenient to produce any documents in Texarkana or Marshall. Plaintiffs offer evidence that the Executor of the decedent's estate, who possesses the documents material to Plaintiffs' claims, is located in Rockwall, Texas, closer to Marshall than to Texarkana. As the

collision occurred in Mt. Pleasant, Texas, there may be documents located there. Defendant notes that Mt. Pleasant is located in the Texarkana Division, but does not discuss the distance between Mt. Pleasant and the courthouses in Texarkana and Marshall. Plaintiffs note that Mt. Pleasant is adjacent to the Marshall Division and represent that it is "equidistant" between the two courthouses. Based on this state of the record, the Court finds that this factor is neutral.

### 2.     Availability of Compulsory Process to Secure the Attendance of Witnesses

It appears that most of the relevant witnesses would be subject to compulsory process either in Marshall or in Texarkana.

### 3.     Cost of Attendance for Willing Witnesses

Defendants offer no evidence or argument on this factor beyond that referred to above. Plaintiffs offer evidence that two of the plaintiffs live closer to Marshall than to Texarkana and that the one living in Mt. Pleasant considers Marshall as convenient as Texarkana. They also show that the police report names an eyewitness who appears to reside in the Beaumont area, which is closer to Marshall than to Texarkana. The Court finds that this factor weighs against transfer.

### 4.     All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

The parties have not identified any considerations that relate solely to this factor. However, the Court notes that the Defendants moved for transfer promptly and no significant proceedings had yet occurred in Marshall.

## C.     Public Interest Factors

### 1.     Administrative Difficulties Flowing From Court Congestion

The parties have not identified any considerations that relate solely to this factor.

**2.      Local Interest in Having Localized Interests Decided at Home**

The parties have not shown that this factor weighs in the analysis.  Mt. Pleasant is roughly equidistant between Texarkana and Marshall and two of the three Plaintiffs live closer to Marshall, while Defendants live in Oklahoma and have not identified where or whether it is closer to Marshall or Texarkana.

**3.      Familiarity of the Forum With the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law**

The parties have not identified any considerations that relate to these factors, and are therefore neutral.

**CONCLUSION**

The Court finds that movant has not carried the burden of showing that a transfer to Texarkana would be clearly more convenient to the parties and the witnesses.  Accordingly, the Motion to Transfer Venue (Dkt. No. 6) is DENIED.

**SIGNED this 2nd day of December, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE