UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STEVEN H. JORDAN, AS EXECUTOR OF THE ESTATE OF JOE M. BRADFORD, AMANDA JORDAN, ANITA BRADFORD, and NEAL BRADFORD,<br><br>*Plaintiffs,*<br><br>vs.<br><br>RONALD G. DICKSON and DICKSON'S TRUCKING,<br><br>*Defendants.* | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:15-cv-01271<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs STEVEN H. JORDAN AS EXECUTOR OF THE ESTATE OF JOE M. BRADFORD, AMANDA JORDAN, ANITA BRADFORD, and NEAL BRADFORD (collectively, "Plaintiffs"), complaining of Defendants RONALD G. DICKSON and DICKSON'S TRUCKING (collectively, "Defendants"), and in support thereof, would respectfully show the Court the following:

### JURISDICTION AND VENUE

I.

1.1   This court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 per party -plaintiff, and because there is complete diversity of citizenship between Plaintiffs and Defendants.

1.2     Venue is also proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

### II.

2.1     Plaintiff STEVEN H. JORDAN, who has been appointed as Executor of the Estate of Joe M. Bradford, AS EXECUTOR THE ESTATE OF JOE M. BRADFORD, is an individual who resides in Rockwall County, Texas.  As such, he is the proper representative to bring a survival action on behalf of the Estate of JOE M. BRADFORD.

2.2     Plaintiff AMANDA JORDAN, a wrongful death beneficiary, is an individual who resides in Rockwall County, Texas, and is the natural child of JOE M. BRADFORD.

2.3     Plaintiff ANITA BRADFORD, a wrongful death beneficiary, is an individual who resides in Titus County, Texas, and is the widow of JOE M. BRADFORD.

2.4     Plaintiff NEAL BRADFORD, a wrongful death beneficiary, is an individual who resides in Lake County, Illinois, and is the natural child of JOE M. BRADFORD.

2.5     Defendant RONALD G. DICKSON ("Dickson") is an individual resident of the State of Oklahoma.  Dickson was a party to a collision or accident while operating a motor vehicle in Texas.  Dickson has not designated a resident agent for service of process and does not maintain a regular place of residence in Texas.  Accordingly, The Chairman of the Texas Transportation Commission is the agent for service of process for Dickson pursuant to Texas Civil Practice and Remedies Code §§ 17.062(a) and 17.063. The Chairman of the Texas Transportation Commission can thereafter notice Dickson of

the institution of these proceedings by delivering the Petition and Citation to his principal place of residence:

>Ronald G. Dickson
>341 Robin Lane
>Atoka, OK 74525

2.6     Defendant DICKSON'S TRUCKING, an Oklahoma entity, ("Dickson's Trucking") is the name under which Dickson operates his trucking business.  Dickson's Trucking is located in the State of Oklahoma and operates from the same address as Dickson.  Dickson's Trucking was doing business in the State of Texas.  Dickson's Trucking committed torts in whole or in part within the State of Texas.  Dickson's Trucking has not designated a resident agent for service of process and does not maintain a regular place of business in Texas.  Accordingly, the Secretary of State is the agent for service of process for Dickson's Trucking pursuant to Texas Civil Practice and Remedies Code § 17.044(b).  The Secretary of State can thereafter notify Dickson's Trucking of the institution of these proceedings by delivering this Petition and Citation to his principal place of business:

>Dickson's Trucking
>c/o Ronald G. Dickson
>341 Robin Lane
>Atoka, OK 74525

## INTRODUCTION

III.

3.1     Plaintiffs bring this survival action and wrongful death lawsuit on behalf of themselves and all similarly situated statutory wrongful death beneficiaries arising out of the wrongful death of JOE M. BRADFORD ("Decedent" or "Bradford").  Plaintiff STEVEN

H. JORDAN is the executor of the estate of the Decedent.  Plaintiff AMANDA JORDAN is the natural child of Decedent.  Plaintiff ANITA BRADFORD is the surviving spouse of Decedent.  Plaintiff NEAL BRADFORD is the natural child of Decedent.  All statutory wrongful death beneficiaries are before the Court.  On May 28, 2014, Decedent was killed as the result of an automobile collision caused by the employee of Defendant Dickson's Trucking, Ronald Dickson, acting in the course and scope of his employment with Defendant Dickson's Trucking.

## FACTS

### IV.

4.1    This is a wrongful death case arising out of the wrongful death of JOE M. BRADFORD.  Plaintiffs are wrongful death beneficiaries of the Decedent.  On May 28, 2014, Decedent was exiting a business parking lot in the 1200 block of W. Ferguson in Mount Pleasant, Titus County, Texas.  Dickson was driving his tractor-trailer in the course and scope of his employment.  Dickson was traveling westbound on W. Ferguson.  As Bradford was exiting the parking lot, Dickson slammed into Bradford's vehicle causing significant damage to Bradford's vehicle.  Bradford was unresponsive at the scene of the collision, suffered significant personal injuries, and subsequently died as a result of the injuries he sustained in the collision.

4.2    The negligence of Defendant Dickson's Trucking and Dickson was the proximate cause of Bradford's death.  The negligent acts and omissions of Ronald Dickson, the employee of Defendant Dickson's Trucking, were committed or occurred in furtherance of his employer's business and were a proximate cause of the death of Bradford and the consequent injuries and damages suffered by Plaintiffs.  As a direct and

proximate result of the acts and/or omissions at the time of the collision of Bradford and Dickson, as described herein, Plaintiffs suffered injuries and damages in an amount within the jurisdictional limits of this Court.  Plaintiffs' damages include, but are not limited to past medical expenses, past pain and suffering, past funeral expenses, future loss of enjoyment of life, future lost earning capacity, and property damage.

## CAUSES OF ACTION

### COUNT ONE: NEGLIGENCE – DEFENDANT DICKSON

V.

5.1   Plaintiffs incorporate by reference in this count each of the preceding allegations as if fully set forth verbatim in this count.

5.2   At the time of collision, Defendant RONALD G. DICKSON had a duty to exercise that degree of care and causation which would have been exercised by a person using ordinary care and caution.  Defendant Dickson failed to exercise that duty including but not limited to the following:

   a. Dickson failed to keep such proper lookout as a person of ordinary prudence would have kept under the same or similar circumstances. Texas Driver's Handbook, Ch. 13; Trans. C. Secs. 545.417;

   b. Dickson failed to maintain proper control of the vehicle he was driving;

   c. Dickson failed to maintain a clear and reasonable distance between his vehicle and Plaintiff's vehicle;

   d. Dickson was speeding;

   e. Dickson was driving too fast for the conditions then existing;

   f. Dickson failed to reduce his speed;

    g.    Dickson failed to maintain a reasonable speed, or failed to control his speed. <u>Texas Driver's Handbook</u>, Ch. 8, 9; Trans. C. Secs. 541.201, 541.401, 545.351, 545.352, 545.363, 543.010, 542.206, 545.420;

    h.    Dickson failed to turn his vehicle to avoid the collision;

    i.    Dickson failed to make a timely or proper evasive maneuver to avoid the collision;

    j.    Dickson failed to make a timely application of his brakes. <u>Texas Driver's Handbook</u>, Ch. 8;

    k.    Dickson failed to yield the right of way;

    l.    Dickson failed to bring his vehicle to a stop behind the vehicle in front of him;

    m.    Dickson failed to maintain the truck and trailer in good working order; and

    n.    Dickson failed to have the requisite knowledge and skills to safely operate a commercial vehicle in violation of State and Federal laws.

5.3    Each and every one of the above and foregoing acts and omissions constitutes negligence, and each and every act and omission, singularly or in combination, was a proximate cause of the collision and the resulting damages to Plaintiffs.

<u>COUNT TWO: NEGLIGENCE *PER SE* – DEFENDANT DICKSON</u>

VI.

6.1    Plaintiffs incorporate by reference in this count each of the preceding allegations as if fully set forth verbatim in this count.

6.2    Specifically, Plaintiffs would further show that:

    a.    Dickson drove at a speed greater than was reasonable and prudent under the circumstances then existing, in violation of V.T.C.A.,

        Transportation Code §545.351(a).

b.    Dickson drove at a speed greater than was reasonable and prudent under the circumstances and having regard for actual and potential hazards then existing, in violation of V.T.C.A., Transportation Code §545.351(b).

c.    Dickson failed to drive at an appropriate reduced speed when a special hazard, weather or highway conditions existed, in violations of V.T.C.A., Transportation Code §545.351(c).

6.3    Plaintiffs would show that such conduct was negligence *per se* and requests the Court to instruct the jury accordingly. Each and every one of the above and foregoing acts and omissions constitutes negligence, and each and every act and omission, singularly or in combination, was a proximate cause of the collision and the resulting damages to Plaintiffs.

COUNT THREE: *RESPONDEAT SUPERIOR* – DEFENDANT DICKSON'S TRUCKING

VII.

7.1    Plaintiffs incorporate in this count each of the preceding allegations as if set forth verbatim in this count.

7.2    Plaintiffs would show that at the time of and immediately prior to the collision, Defendant Dickson was the agent, servant, employee or independent contractor of Defendant Dickson's Trucking and was acting on Dickson Trucking's behalf and in furtherance of Defendant Dickson's Trucking's business.

7.3    Under the Federal Motor Carrier Safety Regulations, 49 C.F.R. §390.5, and under Texas law, drivers, including independent contractors, are legislatively deemed "statutory employees" of motor carriers. Accordingly, Defendant Dickson's Trucking is liable to Plaintiffs for all of the damages herein under the principles of *respondeat*

*superior*.  Even if Dickson was not an "employee" of Dickson's Trucking, Dickson was, nevertheless, a statutory employee of Dickson's Trucking by virtue of her status as an independent owner/operator for Dickson's Trucking and Dickson's negligence is imputed to Defendant Dickson's Trucking.

<u>COUNT FOUR: NEGLIGENCE–DEFENDANT DICKSON'S TRUCKING</u>

XIII.

8.1     Plaintiffs incorporate in this count each of the preceding allegations as if set forth verbatim in this count.

8.2     The injuries and damages suffered by Plaintiffs were proximately caused by the negligence of Defendant Dickson's Trucking.  Defendant Dickson's Trucking was negligent in the hiring, training and supervision of Defendant Dickson who was acting within the scope and on behalf of Defendant Dickson's Trucking at all relevant times. These negligent acts and omissions included, but were not limited to, the following particulars:

    a. Negligent and grossly negligent entrustment of the commercial vehicle to Defendant Dickson;

    b. Negligent and grossly negligent training of Defendant Dickson;

    c. Negligent and grossly negligent supervision of Defendant Dickson;

    d. Negligent and grossly negligent hiring, retention and qualification of Defendant Dickson;

    e. Failing to properly inspect and maintain the truck in question;

    f. Failing to adhere to the Federal Motor Carrier Safety Regulations with respect to driver certification, supervision, vehicle maintenance, vehicle inspection, and driver's logs and records;

      g.    Failing to conduct an adequate background check on Defendant Dickson before hiring him as tractor truck operator; and

      h.    Failing to comply with applicable and necessary State and Federal laws and standards.

8.3    Plaintiffs would show that each and every aforementioned act or omission singularly and severally, constitutes negligence and gross negligence on the part of Defendant Dickson's Trucking, and was a direct and proximate cause of Plaintiffs' injuries and damages.

## ALLEGATIONS AND CAUSES OF ACTION IN THE ALTERNATIVE

### IX.

9.1    Plaintiffs restate and re-allege the paragraphs above, as if fully stated herein.

9.2    All factual allegations and/or causes of action alleged by Plaintiffs herein are made in the alternative.

## CAUSATION

### X.

10.1    PLAINTIFFS restate and re-allege the paragraphs above, as if fully stated herein.

10.2    Each of the aforementioned acts, omissions, negligence, gross negligence, malice, and/or defective products was a proximate and/or a producing cause of the injuries to Plaintiffs.

**PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - PAGE 9 of 13**

## DAMAGES

### XI.

11.1   Pursuant to Section 71.021 of Civil Practice and Remedies Act formerly known as V.A.T.S. Article 5525, the Survival Statute, the Estate of JOE M. BRADFORD ("the Estate") is entitled to and seeks damages for pain and suffering and mental anguish suffered by JOE M. BRADFORD proximately caused by the negligence of Defendants. The Estate is entitled to and also seeks damages for reasonable funeral and burial expenses.

11.2   Plaintiffs seek recovery for their damages under Texas Civil Practice & Remedies Code, Subchapter A, the Texas Wrongful Death Act.

11.3   At the time of the incident in question, Plaintiff ANITA BRADFORD was the spouse of JOE M. BRADFORD, deceased. As a proximate cause of Defendants' negligence, Plaintiff ANITA BRADFORD has suffered the loss of the husband-wife relationship, mental anguish, bereavement, loss of companionship or society, affection, solace, assistance, emotional support, consortium, love and in all reasonable probability will continue to suffer loss of the husband-wife relationship, pecuniary loss, mental anguish, bereavement, loss of companionship or society, affection, solace, assistance, emotional support, consortium, and love.

11.4   At the time of the incident in question, Plaintiff AMANDA JORDAN was the natural child of Bradford.  As a proximate result of her father's death, Plaintiff AMANDA JORDAN has suffered loss of the parent-child relationship, pecuniary loss, mental anguish, grief, bereavement, loss of companionship or society, affection, solace, assistance, emotional support, consortium, love and felicity, loss of inheritance, and in all

reasonable probability will continue to suffer loss of the parent-child relationship, pecuniary loss, mental anguish, grief, bereavement, loss of companionship or society, affection, solace assistance, emotional support, consortium, love and felicity, and loss of inheritance in the future.

11.5   At the time of the incident in question, Plaintiff NEAL BRADFORD was the natural child of Bradford.  As a proximate result of his father's death, Plaintiff NEAL BRADFORD has suffered loss of the parent-child relationship, pecuniary loss, mental anguish, grief, bereavement, loss of companionship or society, affection, solace, assistance, emotional support, consortium, love and felicity, loss of inheritance, and in all reasonable probability will continue to suffer loss of the parent-child relationship, pecuniary loss, mental anguish, grief, bereavement, loss of companionship or society, affection, solace assistance, emotional support, consortium, love and felicity, and loss of inheritance in the future.

## EXEMPLARY DAMAGES

### XII.

12.1   Each of the foregoing acts of negligence of Defendants amount to gross negligence and/or malice as those concepts are understood under Texas law for which Plaintiffs seek exemplary damages.

## JURY TRIAL REQUEST

### XIII.

13.1   Plaintiffs request a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendants RONALD G. DICKSON and DICKSON'S TRUCKING be cited to appear and answer herein and that upon final trial and hearing hereof, Plaintiffs have, among other things:

a. Actual, compensatory, and consequential damages;

b. Exemplary/Punitive damages;

c. Prejudgment interest at the highest rate allowed by law;

d. Post-judgment interest at the highest rate allowed by law;

e. All costs of court; and

f. All such other and further relief, whether legal or equitable, to which Plaintiffs may be justly entitled.

       Respectfully submitted,

       /s/ G. Kevin Buchanan
G. Kevin Buchanan
(*Attorney-in-Charge*)
State Bar No. 00787161
courtfilings@kevinbuchananlaw.com

Kevin Buchanan & Associates, P.L.L.C.
111 W Spring Valley Road, Suite 250
Richardson, Texas 75081
Telephone: (214) 378-9500
Facsimile: (214) 365-7220

and

James D. Blume
(*Local Counsel*)
State Bar No. 02514600
jblume@bfslawgroup.com

Blume, Faulkner & Skeen, P.L.L.C.
111 W. Spring Valley Rd., Suite 250
Richardson, Texas 75081
Telephone: (214) 373-7788
Facsimile: (214) 373-7783

ATTORNEYS FOR PLAINTIFFS